UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

GLEN LAKE SALES & MARKETING, INC.,

Plaintiff,

vs.

Case No. 01-1582~~DWF/SRN~~ JEL/JGL

MOTT'S, INC., A DIVISION OF CADBURY SCHWEPPES plc,

Defendant.

**PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the parties to the above-entitled action, through the undersigned counsel, that the Court may enter an order pursuant to the following terms:

1. Definitions.

(a) The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" under this Protective Order. A party may designate as "Confidential" documents in the hands of a third party, or the deposition testimony of the third party, if the third party is under an obligation, by contract or law, not to disclose such documents or deposition testimony without the prior consent of the Designating Party.

FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

(b) The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" under this Protective Order.

(c) The term "Confidential" as used in this Protective Order means documents (including, but not limited to answers to interrogatories and requests for admissions) and deposition testimony that the Designating Party designates as Confidential. A party may properly designate as Confidential any document or deposition testimony that constitutes or discloses information that is not readily ascertainable, through proper means, by either the public or the party's competitors or potential competitors and may include, but is not limited to, sensitive personal, commercial, or financial information. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential.

2. Limited Use. Documents and deposition testimony disclosed in this litigation shall be used only for purposes related to this action and shall not be used for any business or commercial purpose. Disclosure of information extracted from documents or deposition testimony designated Confidential is authorized only in accordance with the terms of this Order. Unauthorized disclosure of information extracted from documents or deposition testimony designated Confidential is prohibited.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential may be disclosed only to:

(a) The partners, associate attorneys, and staff for the firms of Fredrikson & Byron, P.A.; Reinhart Boerner Van Deuren s.c.; Michael D. Schwartz, P.A.; or future designated attorneys who represent any of the parties in this action;

(b) The plaintiff and defendant, and those officers and employees of the parties to this action who need access to the information to assist the attorneys in representation of the parties, provided that such officers and employees first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

(c) Independent experts, consultants, persons, or firms employed to provide litigation support services who are not competitors of the parties or employees of competitors of the parties, retained on behalf of or by any party for purposes of this litigation, including their secretarial or clerical personnel (hereinafter the "Independent Experts"), provided that such independent experts or consultants first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

(d) The Court, Special Master, or other persons appointed by the Court, and stenographic and other deposition reporters; and

(e) Deposition witnesses who need access to the information to properly and/or fully answer questions, provided that such deposition witnesses first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A.

4. Notice/Marking. To invoke the protection of this Protective Order for confidential documents or testimony, the Designating Party shall conspicuously mark documents and deposition testimony "CONFIDENTIAL." It shall be the duty of the Designating Party to provide such notice to the Receiving Party concerning the documents and testimony to be considered as Confidential. It shall be the duty of the Receiving Party to comply with this Protective Order from the time of such notice.

5. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court, including: (1) a ruling that pertinent information or documents should not be treated as Confidential under this Order and/or (2) permission to disclose Confidential documents to any person who might not otherwise be permitted to receive such documents under the provisions of this Order.

6. Burden of Proof. In the event a Receiving Party contests the designation of any document, deposition testimony, or other information as Confidential, the parties agree to consider removing or relaxing the confidential designations. In the event the parties cannot agree, the Designating Party shall have the burden of proof in any hearing or other proceeding before the Court that any Confidential designation is necessary and appropriate. A Receiving Party is not obligated to challenge the propriety of another party's designation of documents and deposition testimony as Confidential at the time the designation is made, and failure to do so does not preclude a subsequent challenge to the designation.

7. Disputes As To Confidential Status. Any party may challenge the appropriateness of any other party's designation of materials as "Confidential" by setting

forth its objections and basis in writing. In the event of such a challenge, the party claiming confidentiality shall set forth in writing the factual and legal basis of its claim that the challenged materials are "Confidential" within the intent of this Protective Order. If within ten business days of such a challenge, the parties are unable to resolve the issues raised thereby, either party may present the dispute to the Court, and the materials in dispute shall be treated as confidential pending the Court's ruling.

8. Amendment/Modification. This Protective Order may be amended with respect to specific documents or deposition testimony without leave of Court by the agreement of counsel. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties or by Order of the Court.

9. Documents and Things Produced for Inspection. All documents and things produced for inspection shall be presumed to be Confidential at the time of inspection by the Receiving Party. After this inspection, but within a reasonable time after the Receiving Party has requested copies of certain documents, the Designating Party shall appropriately designate any Confidential documents and produce the requested copies.

10. Depositions. All testimony taken by way of depositions in this case in which confidential information is disclosed or discussed, whether by subpoena or notice of taking depositions, will be subject to the terms of this Protective Order. A transcript may be designated Confidential by any party or witness by requesting confidential treatment either (1) on the record or (2) by written communication mailed within thirty days after receipt by the witness of the transcript for reading and signing. All parties

shall treat a transcript as Confidential during that thirty-day period. If confidential treatment is requested on the record, the court reporter shall mark the face of the transcripts containing the designated testimony with the designation "Confidential."

Counsel for the Designating Party may also request that all persons other than the witness, the court reporter, counsel, and those individuals specified in Paragraph 3(a), leave the deposition room during the portion of any deposition that inquires into matters deemed Confidential by the Designating Party.

11. Inadvertent Disclosure. If a party produces any materials in discovery containing Confidential information without having previously marked them "Confidential," such disclosure shall not be deemed to be a waiver of the right to confidential treatment under this Protective Order. The party may subsequently designate the materials as "Confidential" by written notice, whereupon the Receiving Party will from that date forward treat the materials as Confidential.

12. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

13. Filing with Court. Written materials containing Confidential documents or deposition testimony, or other information designated Confidential, or copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with or submitted to the Clerk of Court (or other person appointed by the Court) shall be filed in sealed envelopes, or by other

appropriate means the Court may direct, on which shall be endorsed (l) the title of this action, (2) the phrase "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> *This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.*

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Judge or Special Master from being hand delivered to ensure that the same is brought promptly to his/her attention, provided that each page that bears information contained or derived from Confidential documents and deposition testimony shall be marked as directed in Paragraph 5.

14. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trial any Confidential document or deposition transcript, the Receiving Party shall so inform the Court and Designating Party, and the Court will take the steps it may deem reasonably necessary to preserve the confidentiality of such information.

15. Conclusion of Litigation.

(a) At the conclusion of this litigation, by way of judgment, settlement, or otherwise, counsel for each party may retain a record including its correspondence file of this case, its pleadings file (including all briefs, memoranda and affidavits), and any briefs or appendix on appeal and all legal research memoranda, irrespective of whether or not Confidential information is included.

(b) Except as otherwise provided in paragraph (a) of this Section, at the conclusion of this litigation, each party or other person subject to the terms of this Protective Order shall either destroy or return to the Designating Party all documents and things designated as Confidential and shall certify such destruction or return in writing to the Designating Party. Such return or destruction shall not relieve said parties or persons from the obligations imposed on them by this Protective Order.

(c) At the conclusion of this litigation, the Court shall retain jurisdiction to enforce this Protective Order.

Dated at Milwaukee, Wisconsin, this 24 day of May, 2002.

Reinhart Boerner Van Deuren s.c.
1000 North Water Street
Suite 2100
Milwaukee, WI 53202
414-298-1000
fax 414-298-8097

Laura A. Brenner
WI State Bar ID No. 1001857
James J. Eichholz
WI State Bar ID No. 1022235

BY [signature]
Attorneys for Mott's, Inc.

OF COUNSEL:

David R. Marshall (#0184457)
Gregory E. Karpenko (#286473)
Fredrikson & Byron, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
612-347-7154
fax 612-347-7077
Attorneys for Mott's, Inc.

Dated at Chanhassen, Minnesota, this 28th day of May, 2002.

Michael D. Schwartz, P.A.
Chanhassen Financial Center
761 West 78th Street
Suite 210
P.O. Box 219
Chanhassen, MN 55317
952-937-5655
fax 952-937-5855

Michael D. Schwartz (#98164)
Attorney for Glen Lake Sales & Marketing, Inc.

**ORDER**

PURSUANT TO THE FOREGOING STIPULATION, it is hereby ordered that the parties shall abide by the Stipulated Protective Order.

IT IS SO ORDERED.

Dated: May 31, 2002

United States Magistrate Judge

MW852254v2

## *Featured Speakers Include:*

<u>District of Minnesota</u>

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

<u>United States Bankruptcy Court</u>
<u>District of Minnesota</u>

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

### 11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)***; **Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## Seminar Registration

☐ Member $195.00

☐ Non-Member $225.00

Name

Firm/Employer

Address

Phone

E-Mail

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Krisline M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building